IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS WALKER,

    Petitioner,               No. CIV S-12-0039 GGH P

    vs.

PEOPLE OF THE STATE OF CALIFORNIA, et al.,

    Respondents.        ORDER &
FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and has paid the filing fee. Petitioner challenges the 2009 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

        On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id. While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable

1

application of our cases" (while explicitly not reviewing that holding),[1] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[2] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862. Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence"

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward. Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward. When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)). Therefore, this court is not bound by Hayward.

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

rule into a substantive federal requirement." Id., at 862.  The Ninth Circuit recently noted that in light of Swarthout v. Cooke, certain Ninth Circuit jurisprudence had been reversed and "there is no substantive due process right created by California's parole scheme." Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).  Thus, there is no federal due process requirement for a "some evidence" review and federal courts are precluded from review of the state court's application of its "some evidence" standard.

In the instant petition, petitioner does not challenge the process he received at his hearing, but he does raise an ex post facto claim regarding Proposition 9 that changed California Penal Code § 3041.5(b)(2) which resulted in sometimes less-frequent parole hearings for inmates who have served enough of their sentence to be at least eligible for parole.  This claim is not properly brought in habeas petition and petitioner is part of the class action, Gilman v. Fisher, CIV-S-05-0830 LKK GGH, that is challenging Proposition 9.  Therefore his claim should be dismissed without prejudice.[3]

Petitioner also raises a claim that his First Amendment rights were violated when the BPH denied his parole based on a failure to attend the faith based programs – AA or NA.  However, this claim is contradicted by petitioner's own exhibits.

\\\\\

---

[3] A member of a class action seeking equitable relief cannot raise those same claims in a separate equitable action.  Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979).  See also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action.  To permit them would allow interference with the ongoing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudication.").  Indeed, "[a] district court has inherent power to choose among its broad arsenal of remedies when confronted with situations where, as here, continued litigation of a matter would create undue hardship on the litigating parties, or would improvidently circumscribe the actions of another court handling a prior certified action." Crawford, 599 F.2d at 892 (quoting Tate v. Werner, 68 F.R.D. 513, 520 (E.D. Pa 1975).  Moreover, "increasing calender congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the rights of the parties."  Finally, it makes little sense to adjudicate the issue under an AEDPA reasonableness standard here when the class action will proceed under a de novo review.

In <u>Inouye v. Kemna</u>, 504 F.3d 705 (9th Cir. 2007), the court considered whether state parole authorities had qualified immunity in a § 1983 suit by a plaintiff who alleged that as a condition of parole, they required his attendance in drug treatment programs (AA and NA) rooted in a regard for a higher power. In response to the argument of a defendant supervisory parole officer that the law was not clearly established at the time, the court held that the law "was and is very clear, precluding qualified immunity...." <u>Inouye</u>, 504 F.3d at 711-12. The court found that there had been consistent articulation of the principle that the government may not coerce anyone to support or participate in religion or its exercise, or punish anyone for not so participating. <u>Id</u>. at 713 (citing <u>Everson v. Board of Education of Ewing Township</u>, 330 U.S. 1, 67 S.Ct. 504 (1947) and <u>Lee v. Weisman</u>, 505 U.S. 577, 587, 112 S.Ct. 2649 (1992)). The court further noted that the basic test for Establishment Clause violations remains that stated in <u>Lemon v. Kurtzman</u>, 403 U.S. 602, 613, 91 S.Ct. 2105 (1971), namely, that the government acts 1) have a secular legislative purpose, 2) not have a principal or primary effect which either advances or inhibits religion, and 3) not foster an excessive government entanglement with religion. <u>Id</u>. at 713 n. 7. The court concluded that recommending revocation of parole for a parolee's failure to attend the programs after an order to participate was given was unconstitutionally coercive. <u>Id</u>. at 713-14. In finding the law clear, the court in <u>Inouye</u> relied not only on lower court decisions but also in part on the decisions of the United States Supreme Court and the absence of any Supreme Court case upholding government-mandated participation in religious activity in any context. <u>Id</u>. at 715.

In <u>Turner v. Hickman</u>, 342 F.Supp.2d 887 (E.D. Cal. 2004), a Christian inmate alleged that parole authorities expressly conditioned the plaintiff's eligibility for release on parole in part upon participation in NA. <u>Id</u>. at 890. This Court concluded that by repeated application of the "coercion" test set forth in <u>Lee v. Weisman</u>, 505 U.S. 577, 587, 112 S.Ct. 2649 (1992), the Supreme Court had made the law clear. <u>Turner</u>, 342 F.Supp.2d at 894. By expressly telling the plaintiff he needed to participate in NA to be eligible for parole, the state had acted coercively to

1  require participation in a program in which the evidence showed that belief in "God" was a
2  fundamental requirement of participation. Id. at 895-96. Accordingly, the First Amendment
3  prohibited the requirement. Id. at 896-99.
4        However, even if the undersigned proceeds on an understanding that there is
5  clearly established federal law as determined by the Supreme Court of the United States that
6  prohibits either punishing an inmate for failing to participate in AA or NA, or coercing an inmate
7  to participate in NA or AA religious activities, petitioner is not entitled to relief. Petitioner bases
8  his claim on the written factors supporting his denial of parole suitability that he has attached as
9  an exhibit. Petition, Exh. A at 2. The exhibit includes a list of reasons why petitioner was
10  denied parole. One of the reasons is under "Group Activities" and says the following:

> NONE NOTED DURING THIS REVIEW PERIOD.  PRISONER IS TO PARTICIPATE IN SELF HELP/GROUP PROGRAMS OF ANGER MANAGEMENT, NA/AA, WHEN AVAILABLE.

13        Thus, even if the court construes the second sentence as a future mandate to
14  participate in NA/AA to the exclusion of other non-religious based group activities, and
15  consequently, if the court views the future exhortation to participate in NA/AA to run afoul of the
16  law, petitioner was denied eligibility for parole in part because, retrospectively, he engaged in *no*
17  *group activities whatsoever*, not because he failed to specifically participate in a religious based
18  program. The court has no authority in this habeas context to look ahead and enjoin the next
19  BPH hearing members, whoever they may be, to not to base any denial of parole on the fact that
20  petitioner did not attend, specifically NA/AA.
21        Moreover, the reasonable reading of the exhortation is that petitioner participate in
22  programs *such as* NA/AA (religious based) and anger management (non-religious based). In
23  preparation for his next parole eligibility opportunity, petitioner should choose those group
24  activities which are available and which do not have a religious component.
25        Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this
26  case.

1   IT IS HEREBY RECOMMENDED that this petition be denied for the reasons
2 discussed above.

3   If petitioner files objections, he shall also address if a certificate of appealability
4 should issue and, if so, as to which issues.  A certificate of appealability may issue under 28
5 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
6 constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate
7 which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

8   These findings and recommendations are submitted to the United States District
9 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
10 days after being served with these findings and recommendations, any party may file written
11 objections with the court and serve a copy on all parties.  Such a document should be captioned
12 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
13 shall be served and filed within seven days after service of the objections.  The parties are
14 advised that failure to file objections within the specified time waives the right to appeal the
15 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

16 DATED: January 19, 2012

17                           /s/ Gregory G. Hollows
                           UNITED STATES MAGISTRATE JUDGE

GGH: AB
walk0039.parole.scrnII